## Josiah H. Trine, Appt., v. William Williamson and David Waddell.

A past act, if done at the request of the promisor, furnishes sufficient consideration for a present promise.

The fact that one had in the past protected another from the sale of his property upon execution, on a verbal agreement for an interest in the property, *held*, sufficient consideration to support a written agreement by the owner of the property to pay to said other party a certain percentage of the royalties received on coal to be mined therefrom. *Held also*, that it was not usurious to require a fulfilment of such former verbal agreement as a condition for further advances.

A subsequent release of the right to said percentage of the coal royalties, *held*, to be a sufficient consideration for a judgment note for a specific sum in lieu of royalties.

(Argued February 22, 1888.   Decided April 30, 1888.)

January Term, 1888, No. 25, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Appeal from a decree of the Common Pleas of Lackawanna County discharging a rule to open a judgment entered by confession upon a judgment note October term, 1881, No. 365.   Affirmed.

On August 2, 1881, the parties to this proceeding, executed the following agreement in writing:

Whereas, Josiah H. Trine, of the borough of Blakely, in the

county of Lackawanna, and state of Pennsylvania, is the owner by deed of a certain piece and parcel of land, with the coal and and minerals beneath the surface thereof, situate in the said borough of Blakely, county and state aforesaid, bounded and described as follows, to wit: On the north, by property of the Delaware & Hudson Canal Company; on the south and west by land of H. S. Pierce and others; and on the east by the public road leading to Carbondale, containing 4 acres and 62 perches of land, more or less.

And whereas, William Williamson and David Waddell, of Olyphant, in said county and state, have judgments to a large amount against said J. H. Trine, which are liens against said property, payment of which they were about to enforce.

Now, this agreement, made and concluded this second day of August, 1881, between the said Josiah H. Trine, of the first part, and the said William Williamson and David Waddell, of the second part, Witnesseth, That the said Trine, for himself, his heirs, executors, administrators, and assigns, in consideration of the sum of $10 to him in hand paid by the said Williamson and Waddell, the receipt whereof is hereby acknowledged: And for the further consideration, that the said Williamson and Waddell, shall and will not before August 1, 1884, enforce payment of any of the said judgments now held by them, by a sale of the said property; and the further consideration, that the said Williamson and Waddell, shall and will protect the said Trine for the same time (by the payment and taking an assignment if need be) against the sale of said property on the following judgments, all entered in the court of common pleas of Luzerne county, to wit: C. Carr v. J. H. Trine, No. 557, April term, 1877; debt, $100, due on a judgment entered for $1,000, interest February 23, '77; costs $4.25. D. W. and J. F. Connolly v. J. H. Trine, No. 582, February term, '78; debt, $50; interest, October 22, '77; costs, $1.25. And Anthony Kinback v. J. H. Trine, No. 1743, September term, '78; debt, $81; interest, October 28, '76; costs, $9.71. And the further consideration, that the said Williamson and Waddell have heretofore protected said Trine against a sale by execution of said property, on verbal agreement, for an interest in said property, and the further consideration, that said Williamson and Waddell agree that from the first $5,000 realized from said property from minerals, if received within five years from this date, the first part and so

much thereof as shall be necessary therefor, shall be used toward the payment of any and all judgments and liens against said property, their own judgments included, and that any surplus thereof shall be paid to said Trine. The said Trine for himself, his heirs, executors, and administrators and assigns, agrees that all moneys received for coal and minerals taken from said land after said August 1, 1884, shall be divided as follows, to wit: To the said Williamson and Waddell, their heirs and assigns, 40 per cent thereof, and to the said Trine, his heirs or assigns, 60 per cent thereof; provided that said Trine shall have full power to make a lease for the coal and minerals in said lands, provided the rent and royalty reserved be not below what will be considered the market price therefor, and that the royalty and rent so reserved be paid as hereinbefore mentioned; and provided further, that if all the judgments and liens against said property be paid and satisfied by or before August 1, 1884, then said Williamson and Waddell shall have no claims upon the surface of said land or the buildings thereon, nor in any event be liable for damages done thereto by reason of the removal of the coal from beneath the same, or for any culm put thereon; and for the faithful performance of all and every, the conditions of this agreement, the said parties do hereby bind themselves, their heirs, executors, and administrators firmly by these presents. If $5,000 be paid for coal mined or not mined at an earlier date than August 1, '84, then the 40 per cent to begin to be paid at such earlier date, but the 40 per cent to be paid on all minerals after August 1, '84, even though less than $5,000 worth has been mined to that date.

Witness our hands and seals this second day of August, 1881.

Josiah H. Trine [Seal].
William Williamson [Seal].
David Waddell [Seal].

[Acknowledged by Trine.]

Thereafter and on the same day, Williamson and Waddell executed the following release:

In consideration of J. H. Trine's judgment note for $3,000, payable three years after date with interest, we do hereby release our rights to the 40 per cent part of the coal as described

and provided for in the foregoing contract. This release not to affect any other of the provisions of said contract.

Witness our hands and seals this August 2, 1881.

William Williamson [Seal].<br>David Waddell [Seal].

The note referred to in the release was as follows:

[$3,000.]

Scranton, August 2, 1881.

Three years after date, for value received, I promise to pay Williamson & Waddell, or bearer, Three Thousand Dollars, with interest, costs, and attorney's fee, hereby confessing judgment therefor, with condemnation of real estate, and with waiver of all stay and exemption laws.

(Signed)                          Josiah H. Trine.

Judgment was entered on this note on the same second day of August, 1881.

In March, 1887, Trine presented a petition to the court, stating that he had been induced to make said agreement and note when by dissipation he had become indebted to various parties; that Williamson and Waddell had, by the rents and royalties received by them under said agreement, paid all their claims against him except the note in judgment; that there was no consideration for the note; that it was a mere bonus, and had been exacted from him through taking advantage of his circumstances, and was a device to avoid the laws against usury; and praying for a rule on Williamson and Waddell to show cause why the judgment should not be opened and the petitioner let in to defend.

A rule was granted as prayed for but was on the return thereof discharged by the court, with the following opinion by ARCH-BALD, A. L. J.:

The agreement of August 2, 1881, is in substance an assignment to the plaintiffs of 40 per cent of the royalties to be derived from the leasing of defendant's coal land. If the only consideration for this was the undertaking of the plaintiffs not to enforce against Trine, payment of their judgments for three years, and to protect him for the same period against certain

other judgment creditors named, the extra compensation for the use of their money, thus secured to the plaintiffs, would seem to be open to the charge of usury. But this was not the only consideration for the transfer of these royalties. It appears from the agreement that the plaintiffs had also protected Trine in the past from the sale of his property upon execution, "on verbal agreement for an interest in said property." A past act, if done at the request of the promisor, furnishes sufficient consideration for a present promise. 1 Chitty, Contr. 69.

The agreement with regard to the royalties was thus the carrying out by Trine of his former promise. It cannot be considered usurious for the plaintiffs to require its fulfilment as a condition for further advances. Marsh v. Howe, 36 Barb. 649.

In the face of the recital in the agreement we cannot assume that these accommodations in the past had been otherwise fully compensated, by the payment or allowance of legal interest. There was, therefore, no usury involved in the transfer of these royalties to the plaintiffs.

This brings us to the judgment, which is sought to be opened. It appears that after the agreement referred to had been executed by both parties and acknowledged by Trine, a supplement was added, by which the plaintiffs released to Trine their right to the royalties in exchange for his judgment note for $3,000, payable in three years, with interest. Holding, as we have seen that they did, a valid transfer of the royalties, the release of them by the plaintiffs to Trine was abundant consideration for his judgment. There is nothing to support the idea that the transaction was a mere device to cover usury. No one conversant with the facts has so testified. The release was no doubt the result of subsequent negotiations between the parties after the original agreement had been fully concluded; that both were executed the same day is not inconsistent with this idea. As, therefore, the plaintiffs would have been entitled to hold the royalties assigned to them, so may they the judgment in this case for which they were exchanged.

The rule to open judgment is discharged, August 31, 1887.

The assignment of error specified the action of the court in refusing to open the judgment and not allowing the defendant to make his defense thereto.

*John B. Collings, C. Comegys,* and *E. H. House,* for appel-

lant.—If two or more suspicious circumstances are found in the same case; as, if property is obtained from a person of weak mind, or under duress, or in great distress, for a grossly inadequate consideration, or upon any unusual, extraordinary, or oppressive terms, the evidence would be strong of some fraudulent practice, and would call upon the suspected party for a complete vindication. Perry, Tr. 189–193.

The lawful rate of interest for the loan or use of money in all cases where no express contract shall have been made for a less rate, shall be 6 per cent per annum. Act of May 28, 1858 (P. L. 622).

In construing the statutes against usury, it has always been the custom to hold, both in this country and in England, that no contract, however framed, would hold good, if the ultimate effect of it would be to secure more than the legal rate of interest. The form of the contract is immaterial. Fitzsimons v. Baum, 44 Pa. 32; Evans v. Negley, 13 Serg. & R. 218; Campbell v. Sloan, 62 Pa. 481; Heath v. Page, 48 Pa. 146; Woodworth v. Marshall, 1 Chester Co. Rep. 18; Rutherford v. Boyer, 84 Pa. 347; Marr v. Marr, 16 W. N. C. 436; Schutt v. Evans, 16 W. N. C. 329; Riegel's Appeal, 16 W. N. C. 221, and Riegel's Estate, 16 W. N. C. 131.

*Willard & Warren* and *T. F. Penman,* for appellees.—On appeal, this court will not review the sound discretion of the court below in weighing the evidence on application to open judgment. Wernet's Appeal, 91 Pa. 319; Kneedler's Appeal, 92 Pa. 428.

Evidence of fraud ought to be of what occurred at the execution of the agreement and should be clear, precise, and indubitable. Stine v. Sherk, 1 Watts & S. 195; Murray v. New York, L. & W. R. Co. 103 Pa. 37; Sylvius v. Kosek, 117 Pa. 67, 2 Am. St. Rep. 645, 11 Atl. 392.

The law will never interfere between the parties themselves to set aside an honest transaction which they have voluntarily made. Davidson v. Little, 22 Pa. 245, 60 Am. Dec. 81.

Mere weakness or folly or want of judgment will not defeat a contract. James v. Morgan, 1 Lev. 111.

A bygone act or service rendered pursuant to a previous request of the promisor is sufficient to sustain an action on a prom-

ise.  1 Chitty, Contr. 69; Dyer, 272 b. n.; Carman v. Noble,
9 Pa. 371.

The burden is on the party setting up usury to prove it.
Omaha Hotel Co. v. Wade, 97 U. S. 13, 24 L. ed. 917; Wilson
v. Kirby, 88 Ill. 566.

The statutes prohibiting usury are not to be stretched to ex-
tend to any transactions but loans.  1 Wharton, Contr. § 468.

An agreement by a borrower to pay a subsisting debt of his
own, in consideration of a new credit, or a further loan is not
usurious.  Marsh v. Howe, 36 Barb. 649.

PER CURIAM:

The learned judge of the court below has so clearly disposed
of this case, in his opinion setting forth his reasons for re-
fusing to open the judgment in controversy, that we deem it un-
necessary to add anything thereto.

The decree is affirmed, and the appeal dismissed, at costs of
appellant.